Curia, per
Frost, J.
The plaintiff produced evidence which satisfied the jury that, by shooting and driving, the defendant had caused the death of twelve head of cattle, the value of which they found for the plaintiff. This was an injury, with force, and proper for an action of trespass. The plaintiff attempted to recover for the loss of other cattle, which he alleged died from starvation, in consequence of having been driven from the pasture which the defendant claimed. This cause of action may have been proper for trespass on the case; but that is no objection to the verdict, which does not find any damages for that alleged wrong.
The grant, which was taken out after the commencement of the action, would certainly not have been admissible if it had been offered by the plaintiff in support of an issue involving the title to the land. But it was produced only to shew that there was some vacant land on the swamp. When offered for this purpose, it was not material whether the grant was issued before or after the action was commenced.
The circumstances under which the plaintiff was permitted to produce the grant in evidence, in reply, as stated in the report, ,are sufficient to obviate the objection that it was irregularly ad■mitted. But it is in the discretion of the Judge to admit evidence in reply, in the same manner as, in the examination of a *467 witness, he may permit questions, introductive of new matter, to be asked in reply. It is the constant practice to permit the plaintiff, even after a motion for nonsuit, to introduce evidence which should have been offered in chief. Whether the land granted was vacant or not, was wholly immaterial to the issue presented to the jury; and the defendant lost no advantage by the production of the grant, in reply, which he would have had if it had been introduced before the plaintiff closed his evidence in chief.
The third ground of appeal is at variance with the report. The jury were not instructed that, if it was the defendant’s pasture land, being unenclosed, he had no right to drive off the plaintiff’s cattle. But they were told the defendant had not shewn any right of pasturage in any way.
No exception is taken to the instruction given on the only point of law presented by the evidence: that the defendant, not having shewn any exclusive right of pasturage, nor any title to the land from which he drove the plaintiff’s cattle, acted illegally in driving them from the range; and was liable to the plaintiff for any injury done to them in the act of driving.
By the fence law of 1827, (6 Stat. 331,) even if the defendant’s range had been proved to be his land, and it were enclosed by a fence and planted, and the plaintiff’s cattle were found in such field, and if the fence did not conform to the lawful standard, the defendant had “killed, wounded, maimed, chased or worried” the plaintiff’s cattle, the defendant would have been liable to an action of trespass. Such being the law with respect to enclosed and cultivated fields, it cannot be doubted that the defendant was liable in trespass if he killed or chased and worried to death the plaintiff’s cattle, bécause they were found pasturing on unenclosed land to which the defendant shewed no title, nor right of possession, nor right of pasturage; and who, for any thing that appeared, was, like the plaintiff, pasturing his cattle on the land of another.
The motion is refused.
O’Neall, EvaNS, Wardlaw, Withers and Whitner, JJ., concurred.

Motion refused.